IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MILES SWEENEY**,

        Plaintiff,

   v.

**PHOENIX LIFE INSURANCE COMPANY,** a Connecticut corporation,

        Defendant.

No. 3:15-cv-001863-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant Phoenix Life Insurance Company filed a Motion to Dismiss under FRCP 12(b)(6), seeking to dismiss Plaintiff Miles Sweeney's claim arising from the termination of Sweeney's life insurance policy. I have concluded that Sweeney's Complaint sufficiently alleges a promissory estoppel claim against Phoenix. I therefore DENY Phoenix's motion to dismiss [8].

## BACKGROUND

    Plaintiff Miles Sweeney alleges that on October 15, 1982, he purchased a life insurance policy from Defendant Phoenix Life Insurance Company. For thirty years, Sweeney regularly made premium payments on the Policy. On January 4, 2007, Sweeney instructed Phoenix to pay his premiums directly from the Policy's annual dividends. Phoenix confirmed the arrangement and the dividends satisfied the premiums that came due until October 15, 2014. On December 15, 2014, Phoenix advised Sweeney that it had cancelled the Policy due to an alleged lapse in payment of premiums.

1 – OPINION AND ORDER

On January 20, 2015, Sweeney sent a letter to Phoenix explaining he was surprised to learn of the alleged late payments since he had relied for so long on the annual dividends satisfying the next year's premiums. Sweeney stated in the letter that he considered the Policy to be reinstated in light of the circumstances and enclosed a $6,042.08 check in full satisfaction of the outstanding premiums due. Shortly thereafter, Phoenix cashed the check. On April 15, 2015, Phoenix sent a letter to Sweeney stating that it still considered the Policy cancelled due to Sweeney's failure to reinstate the account.

In August 2015, Sweeney filed this action in Multnomah County Circuit Court which Phoenix subsequently removed to this court. Sweeney seeks a judgment declaring that Phoenix wrongfully terminated the Policy and ordering Phoenix to reinstate the Policy. Phoenix filed this FRCP 12(b)(6) motion to dismiss on November 9, 2015.

## LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the complaint must contain "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible only where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings need not contain detailed factual allegations, but the plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 545 (quotation omitted). This standard "does not require 'detailed factual

allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quotation omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

Defendant Phoenix asserts that Sweeney has failed to state a claim under a theory of promissory estoppel.[1] To state a claim on a theory of estoppel in the insurance context, a plaintiff

---

[1] Phoenix also asserts Sweeney has failed to state a claim under the terms of the Policy. Sweeney does not appear to allege such a claim in his Complaint and he does not address such a claim in his response to the motion to dismiss. *See* Pl.'s Response [11] at 1 (referring to Plaintiff's singular "claim for promissory estoppel"); *id.* at 2 ("Plaintiff's Complaint pleads a claim that Defendant is estopped from refusing to reinstate the Policy . . ."). Because Sweeney appears to acknowledge, through his lack of response on the matter, that such a claim is absent from his Complaint, the court declines to infuse the Complaint with a claim that Sweeney has expressed no interest in pursuing.

must allege: 1) "a representation or conduct amounting to a representation by someone acting on behalf of the insurer that was inconsistent with the express terms of the policy[;]" and 2) "that he reasonably relied on the representation." *Kabban v. Mackin*, 104 Or. App. 422, 426-27, 801 P.2d 883, 886 (1990) (citing *Farley v. United Pacific Ins. Co.*, 269 Or. 549, 525 P.2d 1003 (1974)). Promissory estoppel requires a promise "that the promissor [*sic*] intends, actually or constructively, to induce reliance on the part of the promisee. From such intention courts infer the intention that the promise be legally enforceable." *Barnes v. Yahoo! Inc.*, 570 F.3d 1096, 1107 (2009).

Sweeney's allegations are sufficient to support a promissory estoppel claim. Sweeney alleges that Phoenix sent a letter explaining his surprise regarding the alleged late payments and stating that he considered the Policy to be reinstated and, to that end, he enclosed a check for $6,042.08 in full satisfaction of the premiums alleged to be owed. (Compl. [1] at ¶ 8.) Sweeney also alleges Phoenix cashed the check after it received the letter. While it would have been best practice for Sweeney to attach a copy of the Policy to his Complaint, *Lee v. City of Los Angeles*, 250 F. 3d at 688, it can be easily inferred from the Complaint that Phoenix's act of cashing of the check was inconsistent with the terms of the Policy pertaining to timely payment of premiums. Taken together, these allegations satisfy the first element of a promissory estoppel claim. Sweeney also alleges that he relied on Phoenix's cashing of the check as a signal from Phoenix that his policy had been reinstated. (Compl. [1] at ¶ 13.) Sweeney alleges that he received no indication to the contrary until about three months later, when he received a letter from Phoenix informing him once again that the Policy was cancelled. (Id. at ¶ 14.) Sweeney claims that but for Phoenix's cashing the check as an indication that his policy had been reinstated, he would

have taken actions to mitigate the effects of a cancelled policy. (Id. at ¶ 15.) These allegations satisfy the second element of a promissory estoppel claim.

Phoenix argues that several of Sweeney's allegations constitute legal conclusions that should be disregarded by the court. It is true that I should disregard any legal conclusions that Sweeney makes in his Complaint. *Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotations and citation omitted). Sweeney alleges that when Phoenix cashed the check, it "accepted payment" and "agreed to reinstate the Policy." (Compl. [1] at ¶ 9.) These allegations of acceptance and agreement are legal conclusions that I am not bound to accept as true. However, even if I do not accept these particular legal conclusions as true, Sweeney has alleged enough facts to support a promissory estoppel claim, as I have set forth above.

Phoenix claims after it cashed the check, it "promptly" returned Sweeney's payment of premiums and informed Sweeney that the Policy remained cancelled and not reinstated. (Def. Reply [12] at 3-4.) Based on Phoenix's alleged facts, it contends that its act of cashing the check could not be a representation inconsistent with the express terms of the policy upon which Sweeney could reasonably rely to form the basis of his promissory estoppel claim. However, at the motion to dismiss stage of this case, it would be inappropriate for me to consider additional facts presented by Phoenix not found in the Complaint. *See, e.g.*, *ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) ("Because Rule 12(b)(6) review is confined to the complaint, the court typically does not consider material outside the pleadings (e.g., *facts presented in briefs*, affidavits, or discovery materials) in deciding such a motion.") (citing *In Re American Continental Corp.*, 102 F.3d at 1537) (emphasis added). Confining my review to the facts alleged in the Complaint, I find no mention of the $6,042.08

that Sweeney paid being returned to Sweeney nor any mention of how long it took Phoenix to return those funds. Therefore, Phoenix's arguments to dismiss the Complaint on this ground are premature.

## CONCLUSION

For the reasons stated, I DENY Defendant Phoenix's motion to dismiss Sweeney's claim for promissory estoppel [8].

IT IS SO ORDERED.

DATED this __26th__ day of February, 2016.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge